MEMORANDUM **
Michael Izell Seals, a California state prisoner, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging that police officers violated his Fourth Amendment rights by using excessive force when arresting him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Blanken horn v. City of Orange, 485 F.3d 463, 470 (9th Cir.2007) (per curiam). We reverse and remand for further proceedings.
The district court determined that the allegations in the verified complaint were conclusory and unsupported by factual data, and thus insufficient to defeat summary judgment. However, Seals stated that defendants, without any provocation, choked him until he lost consciousness. This evidence, viewed in the light most favorable to the Plaintiff, could support a finding of excessive force. See Smith v. City of Hemet, 394 F.3d 689, 700-04 (9th Cir.2005) (en banc) (discussing factors to determine whether law enforcement officers have used excessive force, and concluding that, when viewing the evidence in the light most favorable to the plaintiff, a reasonable jury could find that the defendants used excessive force); Jones v. Blanas, 393 F.3d 918, 923 (9th Cir.2004) (explaining that, where the plaintiff is pro se, the court must consider as evidence on summary judgment contents of a verified pleading that are based on personal knowledge). Seals has therefore placed a material fact in dispute. Further, defendants are not entitled to qualified immunity because it was clearly established at the time that “force is only justified when there is a need for force.” Blankenhorn, 485 F.3d at 481. Accordingly, we reverse the grant of summary judgment.
In light of this disposition, we do not consider Seals’s remaining contentions.
Seals’s outstanding motions are denied.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.